**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CALKINS, ) | Case No. 2:16-cv-2602-APG-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket Nos. 27, 28) |
| CREDIT ONE BANK, N.A., et al., ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court are Defendant Credit One Bank, N.A.'s motion for stay of discovery and motion for stay of action. Docket Nos. 27, 28. The Court has considered the motions, as well as Plaintiff's responses and Defendant's replies. Docket Nos. 27, 28, 31, 32, 33, 34. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1.

I.     BACKGROUND

Plaintiff initiated this action on November 9, 2016, alleging violations of the Fair Credit Reporting Act and Nevada's Deceptive Trade Practices statute. Docket No. 1. On January 6, 2017, Defendant filed a motion to compel arbitration. Docket No. 20. Defendant submits that, as its customer, "Plaintiff gave his express consent to arbitrate any and all disputes with Credit One," and that therefore "Credit One is entitled to compel arbitration." *Id.* at 2. Plaintiff asserts that Defendant is not entitled to compel arbitration. *See, e.g.*, Docket No. 22. Defendant now asks the Court to stay this case or, to stay discovery, pending resolution of its motion to compel arbitration. Docket Nos.

27, 28.

## II.  DISCUSSION

### A.  Motion to Stay Action

Courts have inherent power to stay the cases before them as a matter of controlling their own dockets and calendars. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).[1] This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Ninth Circuit has outlined various factors a court should consider in exercising its discretion:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Defendant submits that because this case is neither fact- nor witness-intensive, no harm will result from a stay. Docket No. 28 at 5. Defendant submits that, absent a stay, it will suffer harm because it "will be burdened by the risk of engaging in motion practice and discovery proceedings that may be rendered useless if this Court grants [its] motion to compel arbitration." *Id.* at 6. Defendant also contends that granting a stay will conserve the Court's resources, and will have no

---

[1] A magistrate judge is authorized to determine motions to stay proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) as long as the resulting order does not effectively deny the ultimate relief sought in the case. *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010). Since the decision issued herein does not result in the denial of the ultimate relief sought in this case, the undersigned has the authority to determine the pending motion to stay.

negative impact on the public or any other persons outside this litigation. *Id.* at 6-7. Plaintiff responds that, *inter alia*, Defendant's motion does not cite the proper authority to support its request to stay the action. Docket No. 32 at 9. Defendant replies that, *inter alia*, the relevant authority supports imposition of a stay. *See* Docket No. 33 at 3-7.

The Court finds that a stay of the instant action is warranted. First, any potential damage that will result from a stay is minimal. The only risk involved is a slight delay in the proceedings in the event the Court does not grant Defendant's motion to compel arbitration. Second, if Defendant is forced to move forward while the motion to compel arbitration is under consideration, it will have to engage in expensive discovery and, potentially, motion practice, that will be rendered useless if the Court grants its motion to compel arbitration. Finally, granting a stay will streamline and simplify the process by allowing the Court to first resolve the threshold issue of whether Defendant may compel arbitration.

B.   Motion to Stay Discovery

Defendant has also filed a motion to stay discovery. Docket No. 27. As the Court has granted Defendant's motion, Defendant's motion to stay discovery is now moot.

III.   CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant's motion for stay of action. Docket No. 28. The Court further **DENIES** Defendant's motion to stay discovery, Docket No. 27, as moot. The parties shall file a request to lift the stay within 14 days of the resolution of Defendant's motion to compel arbitration, in the event it is not granted in full.

IT IS SO ORDERED.

DATED: March 10, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge